IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK McDONOUGH,
on behalf of himself and all others
similarly situated,

                 ORDER

     Plaintiff,

                 14-cv-705-bbc

   v.

WESTCONSIN CREDIT UNION,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN EGGEN and MARY EGGEN,
on behalf of themselves and all others
similarly situated,

                 ORDER

     Plaintiffs,

                 14-cv-873-bbc

WESTCONSIN CREDIT UNION,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK ARNZEN and RENA CLEVELAND,

                 ORDER

     Plaintiffs,

                 15-cv-29-bbc

WESTCONSIN CREDIT UNION,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   These three cases seem to be the same in almost every way. In each of the cases, plaintiffs are alleging that defendant WESTconsin Credit Union disclosed their Social Security numbers and driver's license numbers in pleadings that defendant filed in small claims court in cases related to defaults on consumer loans. In each case, plaintiffs are

1

asserting the same causes of action under federal and state law. The same lawyers represent the plaintiffs in all three cases. The plaintiffs in each case allege that they are residents of St. Croix County, Wisconsin.

Despite all of these similarities, plaintiffs chose to file three separate cases instead of one. Even more confusing is that two of the three cases are proposed class actions that include the same proposed class: "All Wisconsin Residents about whom Defendant WESTconsin has disclosed personal driver's license or social security information in filings in public court for actions to recover unpaid loan balances." McDonough v. WESTconsin Credit Union, No. 14-cv-705-bbc, dkt. #1, ¶ 63; Eggen v. WESTconsin Credit Union, No. 14-cv-873-bbc, dkt. #1, ¶ 62. Although the plaintiffs in the third case are Wisconsin residents as well, that case was filed separately in state court before it was removed by defendant. Plaintiffs have not explained why they filed these cases separately instead of jointly as a single class action.

As the cases proceeded, the parties made more puzzling choices. On February 13, 2015, the parties filed a stipulation to consolidate Arnzen, 15-cv-29-bbc and McDonough, 14-cv-705-bbc, but only for the purpose of discovery. The parties did not explain why Eggen, 14-cv-873-bbc was excluded from the stipulation. On March 4, 2015, defendant moved to consolidate Eggen with the other two cases, but, again, only for the purpose of discovery. In response, plaintiffs agreed that the cases should be consolidated, but they argued that it should be for all purposes rather than just discovery. Again, plaintiffs did not explain why they did not file all three cases together in the first place if they believed that all the cases should be tried together.

Regardless of the reasons the parties chose to proceed as they did up until now, I see no reason why these cases should proceed separately in any respect in light of the many similarities among the cases. Although defendant requests consolidation with respect to discovery alone, defendant identifies no reason why it would be improper to try these cases together, particularly if a class is certified. Accordingly, I am granting the motion to consolidate, but I am consolidating for all purposes rather than for discovery only.

ORDER

IT IS ORDERED that the motion to consolidate filed by defendant WESTconsin Credit Union, dkt. #20 (case no. 14-cv-873-bbc), is GRANTED. Case nos. 14-cv-705-bbc, 14-cv-873-bbc and 15-cv-29-bbc are CONSOLIDATED for all purposes. The schedule set in case no. 14-cv-873-bbc, dkt. #19, shall apply in all three cases, including the September 19, 2016 trial date. If any party believes that a separate trial is necessary, that party may seek reconsideration of this decision at the appropriate time.

Entered this 20th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge